# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **I.W.**

**No. 17-0166** (Raleigh County 15-JA-166-B)

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.W., by counsel P. Michael Magann, appeals the Circuit Court of Raleigh County's January 20, 2017, order terminating her parental rights to I.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), David A. Kirkpatrick, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period at disposition and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, the DHHR filed an abuse and neglect petition against petitioner. According to the petition, the DHHR received a referral that the child would often discuss petitioner's abuse of sleeping medicine. The petition further alleged that petitioner failed to ensure the child's proper hygiene and that the child often fell asleep at school. The child indicated that he often did not eat dinner and that petitioner would give him a sleeping pill at night. The DHHR also alleged that petitioner was observed slumped over the steering wheel of her car. In addition, the petition included allegations that petitioner was arrested on criminal charges of delivery of controlled substances, possession of controlled substances, and trafficking. Further, petitioner admitted to a Child Protective Services ("CPS") worker that she abused prescription medications, including Oxycodone and Xanax.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In December of 2015, the circuit court held an adjudicatory hearing, during which petitioner stipulated to abusing the child as a result of her substance abuse. The circuit court granted petitioner a post-adjudicatory improvement period, which required that she (1) not be arrested or charged with a crime; (2) submit to random drug screens; (3) submit to inpatient substance abuse treatment; (4) participate in substance abuse counseling; (5) participate in grief counseling; and (6) participate in parenting and adult life skills, among other requirements.

In May of 2016, petitioner checked into a detoxification program at Southern Highlands Community Mental Health Center. Four days later, petitioner checked herself out of the program against medical advice. In July of 2016, the circuit court held a review hearing during which it found that petitioner was not progressing in her improvement period. However, the circuit court granted petitioner an extension of her improvement period upon her agreement to enter a substance abuse treatment program. Petitioner entered the Mother's Program but was later discharged for noncompliance with the program's rules and regulations. The DHHR then filed a motion to terminate petitioner's parental rights.

In December of 2016, the circuit court held a dispositional hearing, during which petitioner moved for an improvement period as disposition. The DHHR presented multiple witnesses in support of its motion to terminate petitioner's parental rights. According to these witnesses, petitioner failed to comply with several aspects of her post-adjudicatory improvement period. Specifically, the circuit court heard evidence that petitioner stopped submitting to drug screens and attending counseling. In fact, one provider testified that petitioner missed roughly ninety percent of her scheduled drug screens, despite the fact that the testing location was within walking distance of petitioner's residence. The circuit court also heard evidence about petitioner's two failed attempts at substance abuse detoxification and/or rehabilitation. Testimony established that petitioner's only compliance leading up to the dispositional hearing was sporadic participation with parenting and adult life skills education and some visitation with the child. However, between July of 2016 and October of 2016, petitioner did not attend any visits with the child. Further, one provider testified that petitioner's missed visits had a detrimental effect on the child. Petitioner would tell the child she was going to attend a visit and then fail to show up, resulting in the child being "upset for days at a time . . . ." According to testimony, the child's disappointment would manifest itself physically, with the child reporting headaches and sickness as a result of the missed visits. Ultimately, the circuit court denied petitioner's motion for an additional improvement period and terminated her parental rights to the child.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether

---

[2]Petitioner's parental rights to the child were terminated below. The child's father is deceased. According to the DHHR, the child is placed in the home of his paternal grandparents with a goal of adoption therein.

such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, the Court finds no error in the circuit court's denial of petitioner's motion for an improvement period at disposition. Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a parent an improvement period at disposition if, "the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period . . . ." Here, petitioner was previously granted a post-adjudicatory improvement period. However, the record is clear that petitioner could not establish a substantial change in circumstances since her initial improvement period or that she was likely to fully participate in a new improvement period.

At disposition, the circuit court was presented with ample evidence of petitioner's noncompliance with the terms and conditions of her post-adjudicatory improvement period. This evidence included her failure to submit to drug screening and counseling, her failure to complete inpatient substance abuse treatment, and her inconsistent visitation with the child. While petitioner argues on appeal that she made sufficient progress and improvement to warrant an additional improvement period, the Court finds nothing in the record to support this assertion. On the contrary, the evidence overwhelmingly supports the circuit court's determination that petitioner established "a failure to comply with the family case plan." Simply put, the issues of abuse and neglect in the home continued unabated throughout the proceedings such that petitioner could not establish a substantial change in circumstances to warrant an additional improvement period. Moreover, her failure to comply with the terms and conditions of her post-adjudicatory improvement period also showed that she was unlikely to fully comply with an additional improvement period. For these reasons, we find no error in the circuit court's denial of petitioner's motion for an improvement period at disposition.

Finally, we find no error in the circuit court's termination of petitioner's parental rights. On appeal, petitioner argues that there was insufficient evidence upon which to terminate her parental rights, but we find this argument to be without merit. As noted above, the circuit court specifically found that petitioner failed to comply with the terms and conditions of her family case plan. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child . . . .

Based upon the evidence outlined above, it is clear that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect. The circuit court further found that termination of petitioner's parental rights was necessary for the child's welfare because the child required permanency in his placement. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental rights upon such findings. Moreover, we have previously held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 20, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4